# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 13, 2015 Session

## BANK OF VERNON v. LARRY LUNAN, ET AL.

### Appeal from the Law Court for Sullivan County
### No. C38233

---

### No. E2014-00023-COA-R3-CV-FILED-MAY 13, 2015

---

Larry Lunan and Susan Lunan appeal the order of the Law Court for Sullivan County ("the Trial Court") finding the Lunans not indigent. We previously affirmed the Trial Court's determination regarding indigency. As such, we find and hold that this issue is moot. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Law Court Affirmed
### Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, and THOMAS R. FRIERSON, II, JJ., joined.

Larry Lunan and Susan Lunan, Kingsport, Tennessee, *pro se* appellants.

Frank A. Johnstone, Kingsport, Tennessee, and Justin B. Little, Tuscaloosa, Alabama *pro hac vice*, for the appellee, Bank of Vernon.

### MEMORANDUM OPINION[1]

Bank of Vernon ("Plaintiff") sued Larry Lunan, Susan Lunan, and Bad Toys, Inc. ("Defendants") alleging, among other things, that Defendants were in default on several

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

loans secured by specified motor vehicles ("the Motor Vehicles"). After a hearing, the Trial Court entered an order allowing Plaintiff to sell the Motor Vehicles. Defendants moved to stay the sale and also moved for indigency status. The Trial Court initially found Defendants to be indigent, but after further hearing entered an order on July 11, 2014 finding Defendants not indigent and denying Defendants' motion for stay unless Defendants posted a bond in the amount of $25,000.

Defendants filed an appeal to this Court. Defendants then filed a "Motion to Proceed Under the Status of Forma Pauper for Appeal Filed," which this Court treated as a motion for review pursuant to Tenn. R. App. P. 18(c) of the Trial Court's order revoking indigency status. By order entered on September 18, 2014, this Court denied Defendants' motion and held that Defendants were not indigent for purposes of the appeal. Pursuant to Tenn. R. App. P. 18(e), upon our denial of indigency status, Defendants could have filed a motion with our Supreme Court for leave to proceed as indigent. Defendants did not file such a motion with our Supreme Court.

In their brief on appeal Defendants discuss only one issue, i.e., whether the Trial Court erred in ruling in its July 11, 2014 order that Defendants were not indigent. This issue is moot. In essence Defendants are asking us to reconsider our Order affirming the Trial Court's determination that Defendants are not indigent. Defendants, however, have provided no new information which might justify reconsideration of this issue. As such, we decline to reconsider our decision affirming the Trial Court's order finding Defendants to be not indigent.

Defendants neither raised nor discussed any issues with regard to the Trial Court's underlying judgment holding that Plaintiff could sell the Motor Vehicles. Rule 13 of Tenn. R. App. P. provides that "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13(b). As no issues were raised with regard to the Trial Court's judgment allowing Plaintiff to sell the Motor Vehicles, we affirm.

_____
D. MICHAEL SWINEY, JUDGE